UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY WEATHINGTON, | ) | 1:07-cv-00728-OWW-JMD-HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| THOMAS VOSS, et al, | ) | |
| | ) | |
| Respondents. | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |
| | ) | |

Petitioner Anthony Weathington ("Petitioner") is in the custody of the state of California pursuant to a civil commitment order. Petitioner is proceeding pro se in this petition for habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

In 2002, a jury determined that Petitioner was a sexually violent predator (SVP) pursuant to California Welfare & Institutions Code § 6600 *et seq* ("SVP Act"). (Lodged Doc. No. 1).

Petitioner contends that he filed a petition for writ of habeas corpus in the California Superior Court on September 28, 2006, but that the Superior Court did not respond to his petition. (Pet. at 6). Petitioner subsequently filed a petition for writ of habeas corpus in the California Court of Appeal. (Pet. at 2). The Court of Appeal summarily denied Petitioner's petition. (Pet. Ex. N)

///
///
///

In February 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Pet. at 3). The California Supreme Court summarily denied Petitioner's state habeas petition, citing to In re Dexter, 25 Cal.3d 921 (1979). (Pet. at 3). Respondent concedes that Petitioner has exhausted his State remedies. (Answer at 2).

Petitioner filed the instant petition in the United States District Court, Central District of California, Los Angeles, on April 23, 2007. Petitioner's action was subsequently transferred to the Eastern District pursuant to an order issued on April 30, 2007.

On June 27, 2007, the Court ordered Respondent to file responsive pleading. Respondent submitted an answer on October 25, 2007, and Petitioner filed a reply to Respondent's answer on November 11, 2007.

On February 12, 2009, the Court ordered Respondent to notify the Court of Petitioner's current case status. Respondent filed a status report on March 4, 2009.

**Factual Background**

On June 12, 2002, a jury determined that Petitioner was a sexually violent predator (SVP) pursuant to California's SVP Act. In Orozco v. Superior Court, 117 Cal. App. 4th 170, 177 (Cal. Ct. App. 2004), the California Court of Appeal summarized the statutory framework of California's SVP Act:

> The SVP Act establishes a procedure that may result in the civil commitment of a sexually violent predator, which it defines as a person who has been convicted of a sexually violent offense against two or more victims, and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior. Under the SVP Act, the Department of Corrections is authorized to refer "an individual who is in custody under the jurisdiction of the Department of Corrections and who is either serving a determinate prison sentence or whose parole has been revoked" for an initial screening and an evaluation by the state Department of Mental Health to determine whether the person is a sexually violent predator. (§ 6601, subds. (a)(1), (b).) The reference for evaluation is to be made at least six months before the individual's scheduled release date; the evaluation is to be conducted by two specified mental health professionals. (§ 6601, subds. (a), (d).)
>
> If both mental health professionals concur that the individual is a sexually violent predator, the Director of Mental Health must forward a request for a petition for commitment to the county in which the prisoner was convicted. (§ 6601, subd. (d).) Upon the filing of the petition, the trial court must hold a probable cause hearing. If the court finds probable cause to believe the person is likely to engage in sexually violent predatory criminal behavior upon his or her release, it must order a trial and

must order that the person remain in custody in a secure facility until a trial is completed. (§ 6602.) The SVP Act affords the individual a number of procedural safeguards, including the right to trial by jury, the assistance of counsel, and the right to retain experts. (§ 6603.) The standard of proof is beyond a reasonable doubt. (§ 6604.) If trial is by jury, the verdict must be unanimous. (§ 6603, subd. (f).)

A person determined at trial to be a sexually violent predator must be committed to the custody of the state Department of Mental Health for appropriate treatment and confinement in a secure facility for two years,[1] and is subject to extended commitments incident to the filing of new petitions. The SVP Act also includes provisions for an annual review of the individual's mental condition, conditional release, and discharge upon a determination at a hearing of a change in that condition. (§§ 6604, 6605.)

On April 27, 2004, before Petitioner's initial commitment term had expired, the District Attorney filed a petition to re-commit Petitioner as an SVP. (Lodged Doc. 9). Petitioner's counsel either requested or stipulated to a number of continuances of Petitioner's probable cause hearing with respect to the April 27, 2004 petition filed by the District Attorney. (Lodged Doc. 10, 11).

On May 4, 2006, the District Attorney filed a third petition to have Petitioner committed as an SVP. (Lodged Doc. 14). Again, the probable cause hearing was continued several times, and Petitioner's counsel stipulated to the continuances. (Lodged Doc. 15). At the time Petitioner filed the instant petition for writ of habeas corpus, Petitioner had not yet received a probable cause hearing or final determination regarding the extension of his civil commitment. (Pet. at 6).

On December 6, 2007, Petitioner received a probable cause hearing before the Los Angeles Superior Court. (Respondent's Status Report, Ex. A). At the December 6 probable cause hearing, the Superior Court consolidated the State's petitions, found there to be probable cause sufficient to continue Petitioner's civil commitment, and ordered Petitioner to remain in custody pending trial; the matter was then set for pretrial hearing on January 9, 2008. Id. After several more continuances, on June 3, 2008, a jury found Petitioner to be an SVP, and the Superior Court ordered that Petitioner be committed to the California Department of Mental Health as an SVP. (Respondent's Status Report, Ex. E).

///

///

---

[1] California law now provides for indeterminate commitment. CAL. WEL. & INST. CODE § 6604 (2008).

On April 29, 2008, the District Attorney filed another petition to commit Petitioner as an SVP. (Status Report, Ex. D). Petitioner received a probable cause hearing with respect to the April 29, 2008 petition on June 12, 2008.

**Discussion**

**I. Petitioner's Claims are Now Moot**

Petitioner contends that his confinement violates the Due Process Clause of the Fourteenth Amendment because he was not afforded annual show caused hearings (Claim One), "full" mental health evaluations (Claim Two), probable cause hearings in connection with subsequent his commitment petitions (Claim Three), or a final hearing upon the expiration of his initial two-year commitment term (Claim Four).[2] Petitioner also complains that the Superior Court's failure to respond to his state habeas petition amounts to a denial of due process (Claim Five), however, this claim is without merit, as both the California Court of Appeal and California Supreme Court responded to Petitioner's state habeas petition.

Petitioner's claim regarding his probable cause hearing (Claim Three) is moot, as the record demonstrates that Petitioner has now received multiple probable cause hearings. (Status Report, Ex. A; Ex. D). Petitioner's claim regarding annual show cause hearings (Claim Two) is also rendered moot by the fact that Petitioner has now had multiple probable cause hearings, as the burden of proof the state must satisfy with respect to the annual show cause hearings is identical to the burden of proof the state must meet at the probable cause hearings. CAL. WEL. & INST. CODE § 6605 (d) (2008). Even assuming a violation of state law with respect to Petitioner's annual show cause hearings, such error was harmless, as the state has now satisfied the burden required to continue Petitioner's confinement in two separate probable cause hearings. (Status Report, Ex. A; Ex. D).

Petitioner's claim regarding lack of a final hearing upon the expiration of his initial two-year commitment term (Claim Four) is clearly moot, as Petitioner has now received a second jury trial in connection with his current term of civil commitment. Petitioner's claim regarding the alleged failure of the state to provide "full" mental health evaluations (Claim 1) is also now moot, as

---

[2] Petitioner's fourth claim is unclear. The Court construes Petitioner's fourth claim as a claim that the states failure to conduct a trial regarding the extension of his civil commitment violates Petitioner's due process rights.

Petitioner has received a second jury trial and been adjudged an SVP. Pursuant to section 6603, Petitioner was entitled to retain mental health experts to conduct a full examination of Petitioner in order to assist Petitioner with his defense. See CAL. WEL. & INST. CODE § 6605 (d) (2008). To the extent Petitioner was denied "full" mental health evaluations in the past, such denial was harmless, as the jury's verdict that Petitioner is an SVP entails a finding, *beyond a reasonable doubt*, that Petitioner's mental condition has not changed sufficiently to permit his release from civil commitment. CAL. WEL. & INST. CODE § 6604 (2008). Accordingly, the "full" mental health examinations Petitioner was arguably denied would have been of no avail to Petitioner.[3]

**II. Petitioner's Jurisdictional Argument**

Petitioner contends that the Superior Court lost jurisdiction over him when it failed to conduct timely probable cause hearings after the expiration of Petitioner's initial two-year civil commitment. (Pet. at 17). However, there is no jurisdictional requirement under the SVP Act that a commitment order be obtained before the expiration of an SVP's pervious term. Orozco, 117 Cal.App.4th at 173. *A fortiori,* the probable cause hearing cannot be a jurisdictional requirement, as the probable cause hearing necessarily predates the commitment order, which can only be entered after the trial court finds there is probable cause to conduct a trial. See CAL. WEL. & INST. CODE § 6602 (2008). The statutory scheme requires only that the re-commitment petition be filed before the expiration of the prior term. See Orozco, 117 Cal.App.4th at 173. Here, there can be no dispute that the District Attorney filed a petition to re-commit Petitioner as an SVP prior to the expiration of Petitioner's initial commitment term. (Lodged Doc. 9). Accordingly, Petitioner's jurisdictional argument is without merit.

**RECOMMENDATION**

Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

---

[3] There is a factual dispute as to whether Petitioner refused or was denied the mental health examinations in question. The Court need not resolve this factual dispute, for reasons discussed above.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     March 9, 2009**          /s/ John M. Dixon
UNITED STATES MAGISTRATE JUDGE